UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ROBERT COOVER,  :
    Plaintiff,  :
      :
    v.  :    Case No. 3:15v1866 (VLB)
      :
OFFICER PHILLIP BROWN,  :
    Defendant.  :

## RULING AND ORDER

The plaintiff, Robert Coover, is currently confined at Garner Correctional Institution in Newtown, Connecticut. He has filed a complaint pursuant 42 U.S.C. § 1983 naming Correctional Officer Phillip Brown as a defendant. For the reasons set forth below, the complaint is dismissed with leave to amend.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The plaintiff asserts that during jury selection prior to his murder trial, Correctional Officer Brown transported him to and from state court each day. *See* Compl. at 4. At the time, the plaintiff was confined at the MacDougall-Walker Correctional Institution ("MacDougall-Walker"). *See id.*

During one of the trips from court to MacDougall-Walker, Officer Brown allegedly overheard the plaintiff threaten to harm anyone who might testify against him. *See id.* Officer Brown issued the plaintiff a disciplinary report for threats. *See id.* Upon his arrival at MacDougall-Walker, defendant Brown escorted the plaintiff to the restrictive housing unit. *See id.*

The plaintiff claims that there was no "sanitary/hygiene material" in the unit. *Id.* at 4. The Plaintiff does not allege that Officer Brown was aware that there were no sanitary materials in the cell. A captain investigated the disciplinary charge.

Three days later, he dismissed the charge and released the plaintiff from the restrictive housing unit.  *See id.*

In October 2012, Officer Brown testified at the plaintiff's criminal trial regarding the alleged threats made by the plaintiff to witnesses who might be called to testify.  *See id.* at 4-5.  The plaintiff's attorney, the prosecutor and the judge all questioned Officer Brown, who changed his story several times while on the witness stand.  *See id.* at 5.  The plaintiff claims that the jury acquitted him and there was no finding of witness tampering.  *See id.* at 5-6.

The Plaintiff filed an earlier civil action in this district which includes the same allegations against Officer Brown that are described above identified as *Coover v. Burke*, Case No. 3:15cv1543 (VLB). [1]  *See id.* at Dkt. 1.  The plaintiff amended the complaint in that action to eliminate the allegations against Officer Brown but subsequently filed the present action.  *See id.* at Dkt. 4.

I.  Due Process

The plaintiff claims that defendant Brown violated his due process rights under the Fifth and Fourteenth Amendments.  The Fifth Amendment applies to the federal government, not to the states.  *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (holding that the Fifth Amendment's Due Process Clause protects

---

[1]  The court takes judicial notice of the complaint filed in *Coover v. Burke*, Case No. 3:15cv1543 (VLB) (Compl., Doc. No. 1).  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (finding no error in district court's reliance on a docket sheet and pleadings in another case because "docket sheets are public records of which the court could take judicial notice") (citation omitted); *In re Enron Corp.*, 379 B.R. 425, 431 n. 18 (S.D.N.Y.2007) ("Judicial notice of public records such as court filings, is clearly appropriate."); Federal Rule of Evidence

citizens against only federal government actors, not State officials); *Ambrose v. City of New York*, 623 F. Supp. 2d 454, 466–67 (S.D.N.Y. 2009) (holding that any due process claim against the city was "properly brought under the Fourteenth Amendment, not the Fifth Amendment"). The plaintiff has not alleged that a federal official violated his Fifth Amendment rights. Nor has he otherwise alleged facts to state a claim under the Fifth Amendment. Accordingly, the Fifth Amendment claims are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff asserts facts to suggest that he was an unsentenced detainee at the time that defendant Brown issued him a false disciplinary report for threats and placed him in the restrictive housing unit. The Second Circuit has held that a pretrial detainee who is subject to punishment for an infraction is entitled to the Fourteenth Amendment due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Benjamin v. Fraser*, 264 F.3d 175, 190 (2d Cir. 2001). Because the plaintiff has alleged that his placement in the restrictive housing unit was punitive in nature, he had a liberty interest in avoiding that placement without due process of law. As a liberty interest has been established, the court next determines whether the process afforded the plaintiff prior to his placement in the restrictive housing unit was constitutionally sufficient.

In *Wolff*, the Supreme Court held that an inmate charged with a disciplinary violation is not entitled to advance notice, but rather is only entitled to written notice of the charges at least twenty-four hours in advance of the hearing, the

---

201.

opportunity to present witnesses and documentary evidence before an impartial hearing officer or committee as long as doing so will not jeopardize prison safety and security and a written statement including evidence relied on by the hearing officer in reaching his or her decision and the reasons for the disciplinary action. *Id.* at 564-66.  An inmate has no right to retained or appointed counsel at a disciplinary hearing, but in some circumstances may be entitled to the appointment of an advocate or assistance from a fellow inmate.  *Id.* at 570.

The plaintiff concedes that a captain investigated the allegations in the disciplinary report and concluded that they were not valid.  Thereafter, the captain dismissed the charge and released the plaintiff from the restrictive housing unit. The plaintiff does not allege that defendant Brown or any other correctional official deprived him of the procedural due process protections set forth in *Wolff*.  The allegation that defendant Brown falsely accused him of threatening potential witnesses and placed him in the restrictive housing unit in violation of the Due Process Clause of the Fourteenth Amendment is dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

II.     Testimony at Trial

The plaintiff alleges Officer Brown changed his story during his testimony at the criminal trial.  However, the plaintiff has not alleged that Officer Brown's conflicting testimony at his criminal trial violated his federally or constitutionally protected rights.

The Supreme Court has held that "witnesses are absolutely immune from damages liability based on their testimony" in a prior criminal trial. *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983). Accordingly, the claims against defendant Brown pertaining to his testimony at the plaintiff's criminal trial are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

III.   Access to Courts

The plaintiff also claims that defendant Brown violated his right of access to the courts under the First Amendment by falsely testifying at his criminal trial. It is well settled that inmates have a First Amendment right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) *(modified on other grounds by Lewis v. Casey*, 518 U.S. 343, 350 (1996)). To state a claim for denial of access to the courts, plaintiff is required to demonstrate that he suffered an actual injury. *See Lewis*, 518 U.S. at 353. To establish an actual injury, plaintiff must allege facts showing that the defendant engaged in or was responsible for conduct that hindered his pursuit of a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts. *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997), *cert. denied*, 525 U.S. 823 (1998).

The plaintiff has asserted no facts to support a plausible claim of denial of access to courts against the defendant. On the contrary he asserts that he was acquitted and that he was not found to have tampered with witnesses. The First Amendment claim is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

6

IV.     Conditions of Confinement

The plaintiff asserts that defendant Brown placed him in the restrictive housing unit and failed to provide him with hygiene or sanitation materials. The plaintiff remained in the restrictive housing unit for at least three days during the investigation of the disciplinary charge.

As a pretrial detainee in a state correctional facility, the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment is the source of the plaintiff's constitutional protections with regard to conditions of confinement claims. *See Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). Accordingly, the plaintiff's allegations that the defendant violated his Eighth Amendment rights are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

Because "[a] person lawfully committed to pretrial detention has not been adjudged guilty of any crime," the Due Process clause of the Fourteenth Amendment dictates that he or she may not be punished in any manner-neither cruelly and unusually nor otherwise. *Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979). *Id.* at 536-37. "Not every disability imposed during pretrial detention," however, "amounts to 'punishment' in the constitutional sense." *Id.* at 537. In the absence of an allegation that "the defendant verbally expressed an intent to punish, punitive intent may be inferred from the nature of the conditions or restraints." *Turkmen v. Ashcroft*, 915 F. Supp. 2d 314, 338 (E.D.N.Y. 2013). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate

governmental objective, it does not, without more, amount to punishment." *Bell*, 441 U.S. at 539.

After careful review, the court concludes that the plaintiff has not alleged the date and duration of the deprivation. He does not allege that Officer Brown was responsible for providing sanitary materials or that he was aware of there were none. Finally, he does not sufficiently describe the alleged hygiene or sanitation materials that he claims defendant Brown failed to provide. Thus, as alleged, the facts do not state a plausible claim under the Fourteenth Amendment against defendant Brown for confining him under conditions in the restrictive housing unit that could be considered punitive. Thus, the claim that the conditions in the restrictive housing unit violated the Fourteenth Amendment is dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

The court enters the following orders:

(1) The First, Fifth and Eighth Amendment claims are DISMISSED and the Fourteenth Amendment claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The court declines to exercise supplemental jurisdiction over any state law claims against the defendant. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts).

**(2)     The court will permit the plaintiff leave to file an amended complaint within thirty days of the date of this order in order to assert facts to meet the Fourteenth Amendment standard for stating a claim of unconstitutional conditions of confinement.   The amended complaint should include facts describing the nature of the conditions in the restrictive housing unit, how they posed a serious risk of harm to the plaintiff's safety and constituted punishment and the number of days the plaintiff was subjected to the conditions.   In addition, the plaintiff should assert facts to show how the defendant was involved in and aware of the imposition of the conditions.**

**(3)     If the plaintiff does not file an amended complaint within the time specified, the clerk shall enter judgment in favor of the defendant and close this case.**

**SO ORDERED at Hartford, Connecticut this 20th day of April, 2016.**

**_____/s/_____
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE**